IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KAREN R. TAYLOR, | ) | Civil Action No: 3:16 cv 327 |
| | ) | |
| and | ) | (Judge _____ ) |
| | ) | |
| PAUL W. TAYLOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANK E. FUMICH, M.D. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ORTHOPAEDIC INSTITUTE | ) | COMPLAINT FOR MEDICAL |
| OF OHIO, INC., | ) | NEGLIGENCE, LOST INCOME, |
| | ) | LOSS OF CONSORTIUM AND LOSS |
| and | ) | OF HOUSEHOLD SERVICES |
| | ) | |
| PAVAN K. PUNUKOLLU, M.D. | ) | (Jury Demand Endorsed Hereon) |
| | ) | |
| and | ) | |
| | ) | |
| LIMA RADIOLOGICAL ASSOC., INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SOLOMON M. BERAKI, M.D., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MID WEST INFECTIOUS DISEASE, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOES (1-99) | ) | |
| (Names and addressed unknown) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs, Karen R. Taylor and Paul W. Taylor, wife and husband, for their Complaint for Medical Negligence, Lost Income, Loss of Consortium and Loss of Household Services, against Defendants, Frank E. Fumich, M.D., Orthopaedic Institute of Ohio, Inc., Pavan K. Punukollu, M.D., Lima Radiologists, Inc., Solomon M. Beraki, M.D., Mid West Infectious Disease, LLC, and John Doe(s) 1-99, state and allege as follows.

I. PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are husband and wife and citizens and residents of Lexington, Kentucky.

2. Defendant, Frank E. Fumich, M.D., is a citizen and resident of Lima, Allen County, Ohio.

3. Defendant, Orthopaedic Institute of Ohio, Inc., is an Ohio professional corporation with its principal place of business in Lima, Allen County, Ohio.

4. Defendant, Pavan K. Punukollu, M.D., is a citizen and resident of Lima, Allen County, Ohio.

5. Defendant, Lima Radiologists, Inc., is an Ohio professional corporation with its principal place of business in Lima, Allen County, Ohio.

6. Defendant, Solomon Beraki, M.D., is a citizen and resident of Lima, Allen County, Ohio.

7. Defendant, Mid West Infectious Disease, Inc., is an Ohio professional corporation with its principal place of business in Lima, Allen County, Ohio.

8. Upon information and belief, Defendant(s), John Doe(s) 1-99, are persons or entities, whose identities are currently unknown to plaintiffs, who are citizens of Ohio, and who are liable for injuries sustained by the plaintiffs.

9. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This court has *in personam* jurisdiction over the defendants, because they are citizens and residents of Ohio and this judicial district, and because the events giving rise to the plaintiffs' claims occurred in this judicial district.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)(1), because at least one of the defendants resides in this judicial district, and all defendants reside in the State of Ohio.

12. Venue is also proper in this court pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

13. This action is timely filed pursuant to Section 2305.113(B)(1) of the Ohio Revised Code.

II. FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. On Saturday, August 16, 2014, at approximately 4:45 p.m., Plaintiff, Karen R. Taylor, was taken by ambulance to St. Rita's Medical Center in Lima, Ohio, with symptoms of excruciating pain in her low back and right buttock, and inability to ambulate. X-rays ordered by emergency physicians showed degenerative arthritis of the lumbosacral spine without fracture, subluxation or dislocation. Blood cultures showed an elevated white blood count.

15. On August 16, 2014, at approximately 9:30 p.m., Plaintiff, Karen R. Taylor, was admitted as a St. Rita's Medical Center patient to its hospitalist service.

16. Between August 16, 2014 and August 18, 2014, Plaintiff, Karen R. Taylor, remained a patient at St. Rita's Medical Center. Over that period, Plaintiff Karen R. Taylor's symptoms and medical condition worsened. In particular, she developed symptoms of urinary incontinence and retention, constipation, fever, pain and numbness in the saddle area, and leg pain and weakness. Her pain could not be relieved to tolerable levels, except through strong pain medications in large doses.

17. At approximately 6:00 a.m. on Monday, August 18, 2014, a hospitalist at St. Rita's Medical Center ordered magnetic resonance imaging of the lumbosacral spine without contrast to rule out spinal abscess. The MRI occurred at approximately 11:43 a.m. The images were interpreted by Defendant-radiologist, Pavan K. Punukollu, M.D. Due to their lack of clarity, the images did not rule out a spinal abscess as the cause of Plaintiff Karen R. Taylor's symptoms. No follow up MRI, with or without contrast or anesthesia, was ordered or recommended.

18. On August 18, 2014, at approximately 4:48 p.m., the hospitalist consulted with Defendant, Frank E. Fumich, M.D., an orthopedic spine surgeon. During that consultation, Dr. Fumich diagnosed Mrs. Taylor with degenerative arthritis of the lumbar spine with spinal stenosis and lower extremity radiculopathy. He ordered an epidural to relieve her pain. His plan was to "get her comfortable" to travel back to Lexington, Kentucky, where she could be seen and treated by a local physician.

19. Plaintiff, Karen R. Taylor, was evaluated by the hospitalist again at approximately 7:44 a.m. on Tuesday, August 19, 2014. By that time Mrs. Taylor had lost control of her bladder function. She had had urinary incontinence overnight. She was also noted to have left leg weakness and numbness below the knee, right buttock and thigh pressure with bilateral hip and pelvic numbness and tingling.

20. On August 19, 2014, at approximately 8:18 a.m., a nurse notified Dr. Fumich of Mrs. Taylor's overnight incontinence.

21. On August 19, 2014, at approximately 9:34 a.m., a nurse notified Dr. Fumich that Mrs. Taylor wanted to have surgery at St. Rita's before returning home to Lexington, Kentucky. Dr. Fumich responded that he would see Mrs. Taylor the following morning.

22. On August 19, 2014, at approximately 6:45 p.m., Plaintiff, Karen R. Taylor, signed a consent form for a lumbar laminectomy at levels L3 – S1 by Dr. Fumich.

23. On August 20, 2014, at approximately 7:03 a.m., Dr. Fumich cancelled Mrs. Taylor's back surgery, because her blood tested positive for gram positive staphylococcus aureus bacteria.

24. On August 20, 2014, at approximately 3:52 p.m., the hospitalist noted that Mrs. Taylor's "white count was 19,200 with a left shift"; that her blood cultures were "staph coag positive"; that her temperature was 99.6°F; that her back pain was so severe that she could not get out of bed; that he spoke to a hospitalist at Central Baptist Hospital in Lexington, Kentucky, about transferring Mrs. Taylor there; that the Central Baptist hospitalist agreed to accept Mrs. Taylor in transfer, but that she was "6th from the list"; that he told Mrs. Taylor that she could "sign out AMA and go to [Central Baptist's] ER"; and that Mrs. Taylor really did not want to do that and would remain at St. Rita's Medical Center.

25. On August 21, 2014, at approximately 6:59 a.m., Dr. Fumich noted that Mrs. Taylor was immobile, but had no new complaints, and that he was awaiting her decision about having surgery at St. Rita's or returning to Kentucky.

26. On August 21, 2014, at approximately 11:49 a.m., the hospitalist prepared a transfer summary wherein he noted that a bed had become available at Central Baptist Hospital; and that Mrs. Taylor wished to be transferred there. He also wrote, "I think she

5

needs surgery as soon as possible on her lumbar spinal stenosis, so there is not permanent damage."

27. Mrs. Taylor arrived at Central Baptist Hospital by ambulance at approximately 4:44 p.m. and was admitted to the hospitalist service. An MRI showed a large spinal abscess. Mrs. Taylor was diagnosed with *cauda equina* syndrome and taken promptly to surgery *inter alia* to drain the abscess and decompress her *cauda equina* nerve roots.

28. Despite having back surgery at Central Baptist Hospital, Mrs. Taylor now has crippling paraplegia, including without limitation bowel and bladder incontinence.

<u>FIRST CLAIM FOR RELIEF</u>
(Medical Negligence against Defendants Fumich, Punukollu and Beraki)

29. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 28 above as if fully rewritten herein.

30. At all relevant times, Drs. Fumich, Punukollu and Beraki each had a legal duty to exercise the degree of skill, care, knowledge and diligence of reasonable medical specialists in their fields relative to their diagnoses, care and treatment of Plaintiff, Karen R. Taylor.

31. At all relevant times, Drs. Fumich, Punukollu and Beraki each breached their legal duties of care by failing to timely diagnose and treat Mrs. Taylor's *cauda equina* syndrome.

32. As a direct and proximate result of the aforementioned breaches of legal duty, Plaintiff, Karen R. Taylor, has suffered severe and permanent injury, medical expense, pain, suffering, permanent disability, emotional distress, lost income, loss of household services, and other economic and non-economic losses.

33. As a direct and proximate result of Defendant's negligence, Plaintiffs have been damaged in an amount to be determined at trial, which amount exceeds $75,000.

6

## SECOND CLAIM FOR RELIEF
(Vicarious Liability against Corporate Defendants)

34. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 33 above as if fully rewritten herein.

35. At all relevant times, Dr. Fumich was an employee or agent of Defendant, Orthopaedic Institute of Ohio, Inc., acting within the course and scope of his employment or agency.

36. At all relevant times, Dr. Punukollu was an employee or agent of Defendant, Lima Radiological Associates, Inc., acting within the course and scope of his employment or agency.

37. At all relevant times, Dr. Beraki was an employee or agent of Defendant, Mid West Infectious Disease, Inc., acting within the course and scope of his employment or agency.

38. Defendants, Orthopaedic Institute of Ohio, Inc., Lima Radiological Associates, Inc., and Mid West Infectious Disease, Inc., are liable for the injuries and damages Plaintiffs have sustained due to the negligence of their employees or agents under the doctrine of *respondeat superior*.

## THIRD CLAIM FOR RELIEF
(Loss of Consortium)

39. Plaintiffs restate and incorporate by reference the allegations in Paragraphs 1 through 38 herein as if fully rewritten.

40. As a direct and proximate result of Defendants' negligence, Plaintiffs have been deprived of each other's society, companionship, consortium and services, all in an amount exceeding $75,000 and to be proven at trial.

WHEREFORE, Plaintiffs, Karen R. Taylor and Paul W. Taylor, demand judgment against the defendants, jointly and severally, for the damages naturally and proximately resulting from their negligence, which damages far exceed the sum of $75,000, and to be proven at trial, for the costs of these proceedings, and for such other and further relief at law or in equity to which they may be entitled.

Respectfully submitted,

/s/ Thomas J. Intili
Thomas J. Intili (0036843)
INTILI & GROVES CO., L.P.A.
2300 Far Hills Avenue
Dayton, Ohio  45419-1550
(937) 226-1770; Fax:  (937) 281-1562
E-mails:  tom@igattorneys.com

Trial Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

/s/ Thomas J. Intili
Thomas J. Intili, Trial Attorney for Plaintiffs